UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSTAFA SULLIVAN,

                            Plaintiff,

            -against-                                    25-CV-5361 (LLS)

NEW YORK CITY POLICE DEPARTMENT;                  ORDER OF DISMISSAL
HUDSON RIVER PARK TRUST; NOREEN                 WITH LEAVE TO REPLEAD
DOYLE; CHRISTINE FAZIO; ROBERT
ATTERBERY,

                            Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983 and § 1985,

alleging that Defendants conspired to violate their[1] federally protected rights. By separate order

the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the following reasons, the Court dismisses the complaint with 30 days'

leave to replead.

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff uses a neutral pronoun.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Mustafa Sullivan is a member of an organization called the Strategic Trans Alliance for Radical Reform ("STARR"), and has "been practicing and participating in religious rites and ceremonies within Hudson River Park Nfor years." (ECF 1 at 3, 4.) Plaintiff's religion is "rooted in Afro indigenous belief systems." (*Id.* at 3.) The named Defendants are the New York City Police Department ("NYPD"); the Hudson River Park Trust ("HRPT"); HRPT General Counsel Christine Fazio; HRPT Vice President of Events and Operations Richard

Atterbery; and HRPT President Noreen Doyle. The following facts are drawn from the complaint.[2]

Plaintiff asserts that Defendants denied their requests for "event" and "sound" permits for a three-day event in Hudson River Park during Pride weekend, June 27, 2025, through June 29, 2025, and that they upheld the denials after an administrative appeal. (*Id.* at 5, at 8.) They claim that HRPT President Doyle has "an academic background" with "no particular qualifications" regarding "large events, parade, marches or crowd control." (*Id.* at 8.)

According to Plaintiff, the permit denials were discriminatory based "on race, religion and gender identity," and denied them their "right to practice their religion freely and consistently within the park and target[ed] them due to their speech and viewpoints." (*Id.* at 2.) Additionally, they allege that they have been involved in a "years long civic campaign" to "abolish" the HRPT as "wasteful, obsolete, and abusive of minority and the TLGBQ+ community," and claim that the denials were "retaliatory" for their "activist[] role." (*Id.* at 4, 9.) Plaintiff invokes 42 U.S.C. § 1983 and § 1985.

Plaintiff filed the complaint by order to show cause, seeking an order directing Defendants to grant the requested permits. By order dated July 2, 2025, Chief Judge Swain denied the request for an order to show cause, explaining that Plaintiff had not carried their "burden of persuasion" showing their entitlement to the "extraordinary and drastic remedy," of preliminary injunctive relief. (ECF 5 at 1-2.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## DISCUSSION

**A.    Claims against the named defendants**

**1.    NYPD**

Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). New York City's Charter states that agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The New York City Charter does not authorize the NYPD to sue and be sued in the name of the agency. *See* N.Y. City Charter ch. 17, §§ 431-438 (establishing powers of the NYPD); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."). Plaintiff's claims against the NYPD must therefore be dismissed because claims against the NYPD must be brought against the City of New York.

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d

4

Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).[3]

Plaintiff's allegations do not suggest any policy, custom, or practice on the part of the City of New York that caused a violation of their constitutional rights and thus do not state a claim against the City of New York.

### 2.    HRPT

HRPT is a state public corporation created by the Hudson River Park Act for the purpose of operating the Hudson River Park. *Freefall Express v. Hudson River Park Trust*, 847 N.Y.S.2d 901, 2007 WL 2582222, at *1 (Sup Ct., Sep. 7, 2007); *see also Costa v. State*, 141 A.D.3d 43, 44, 2016 WL 3006030 (1st Dep't May 26, 2016) (explaining that the State of New York holds

---

[3] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted). At the pleading stage, a plaintiff "must allege facts tending to support, at least circumstantially, an inference that [the alleged] municipality policy or custom exists." *Hannan v. Rose*, No. 18-CV-9878 (PGG) (DF), 2022 WL 21770560, at *11 (S.D.N.Y. Mar. 15, 2022) (quoting *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *9 (S.D.N.Y. Sept. 30, 2016) (citations and internal quotation marks omitted)). "[C]onclusory allegations of a municipal custom or practice of tolerating official misconduct, without factual details," will not satisfy *Monell's* pleading standards. *Id.*

"title ownership" of the park, and that the HRPT, which was "created by the [state] legislature," manages the "day-to-day operations").

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the HRPT are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3.    Individual Defendants

Plaintiff claims that the HRPT officials named as Defendants discriminated and retaliated against them, and conspired against them. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a claim under Section 1985(3), a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise

6

class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)). Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Plaintiff provides no specific, nonconclusory facts supporting their assertion that the denial of the permits was due to their race, religion, gender identity, viewpoint, or history of activism. There are also no facts suggesting that Defendants entered into an agreement to deprive Plaintiff of their civil rights or took any overt act directed towards those ends. Accordingly, Plaintiff has failed to show that their claims are plausible, and the complaint does not comply with Rule 8. *See Iqbal*, 556 U.S. at 678-79. Instead of providing factual allegations showing how Defendants harmed them, Plaintiff relies almost exclusively on labels and "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions that the Court need not accept at the pleading stage. *Id*. at 678. The Court therefore dismisses Plaintiff's claims under Sections 1983 and 1985 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

7

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to file an amended complaint should they wish to do so.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    May 19, 2026
        New York, New York

                                             *Louis L. Stanton*

                                              Louis L. Stanton
                                               U.S.D.J.